ACCEPTED
03-14-00821-CV
4319264
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/27/2015 4:19:20 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00821-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/27/2015 4:19:20 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

_____

**DUONG NHU HA AND D&H RESTAURANT EQUIPMENT**

*Appellants*,

v.

**HUNAN RANCH CORPORATION**

*Appellee*.

_____

On Appeal from the 201st Judicial District
of Travis County, Texas

_____

**BRIEF OF APPELLANTS DUONG NHU HA AND D&H RESTAURANT
EQUIPMENT**

_____

**VINSON & ELKINS LLP**
Frank C. Brame
State Bar No. 24031874
2001 Ross Ave Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7818
Fax: (214) 999-7818
fbrame@velaw.com

*LEAD COUNSEL FOR APPELLANTS*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellants: | Duong Nhu Ha and D&H Restaurant Equipment |
| Appellate Counsel for Appellants: | VINSON & ELKINS LLP<br>Frank C. Brame<br>State Bar No. 24031874<br>2001 Ross Ave Suite 3700<br>Dallas, TX 75201-2975<br>Telephone: (214) 220-7818<br>Fax: (214) 999-7818<br>fbrame@velaw.com<br><br>Janice L. Ta<br>State Bar No. 24075138<br>Michelle Arishita<br>State Bar No. 24092048<br>2801 Via Fortuna, Suite 100<br>Austin, Texas 78746-7568<br>Telephone: (512) 578-8402<br>Fax: (512) 236-8239<br>jta@velaw.com<br>marishita@velaw.com |
| Appellee: | Hunan Ranch Corporation |
| Trial and Appellate Counsel for Appellee: | HAJJAR PETERS, LLP<br>Doran D. Peters<br>State Bar No. 24027615<br>Teri C. Baker<br>State Bar No. 24053131<br>3144 Bee Caves Road<br>Austin, Texas 78746<br>Telephone: (512) 637-4956<br>Fax: (512) 637-4958<br>dpeters@legalstrategy.com<br>tbaker@legalstrategy.com |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ................................................................................. iii

INDEX OF AUTHORITIES ..............................................................................v

STATEMENT OF THE CASE ...........................................................................1

STATEMENT ON ORAL ARGUMENT ...........................................................2

STATEMENT OF ISSUES PRESENTED..........................................................2

STATEMENT OF FACTS ................................................................................3

SUMMARY OF ARGUMENT .........................................................................6

ARGUMENT ..................................................................................................7

I.   Introduction...................................................................................7

II.  Mr. Ha Has Satisfied the Preliminary Requirements for a Restricted
     Appeal.............................................................................................8

III. Because Hunan Ranch Failed to Enter Material Exhibits into the
     Record, Including the Alleged Purchase Order and Evidence to
     Support Its Damages, And Failed to Procure a Court Reporter's
     Record at the Default Judgment Proceeding, There Is Error on the
     Face of the Record and The Court Should Remand for a New Trial. .............8

IV.  There Is Error on the Face of the Record Because the Evidence to
     Support Hunan Ranch's Unliquidated Damages Claim Is Defective. ..........12

     A.   Hunan Ranch used an incorrect measure for damages (lost
          sales) instead of the correct measure of damages (lost profits) in
          calculating its unliquidated damages claim........................................13

     B.   Hunan Ranch failed to prove that it was even profitable....................15

     C.   Hunan Ranch failed to prove any damages by competent
          evidence and with reasonable certainty..............................................16

V.   Because Hunan Ranch Failed to Prove a Causal Nexus Between the
     Alleged Breach of Contract and the Claimed Damages, Error Is
     Apparent on the Face of the Record and the Court Should Remand for
     a New Trial. .................................................................................22

VI.  Because Hunan Ranch Failed to Prove Its Unliquidated Damages, It
     Cannot Recover Attorney's Fees.................................................26

CONCLUSION AND PRAYER .......................................................................27

CERTIFICATE OF COMPLIANCE........................................................................29

CERTIFICATE OF SERVICE ..............................................................................29

# INDEX OF AUTHORITIES

**Cases**

*Aetna Cas. & Sur. Co. v. Hill*,
No. 05-91-01290-CV, 1992 WL 172384 (Tex. App.—Dallas July 21, 1992, no writ) (mem. op., not designated for publication) ................................................20

*Am. Nat'l Petroleum Co. v. Transcon. Gas Pipe Line Corp.*,
798 S.W.2d 274 (Tex. 1990)..................................................................................13

*Atomic Fuel Extraction Corp. v. Slick's Estate*,
386 S.W.2d 180 (Tex. App.—San Antonio 1964, writ ref'd n.r.e.)....................16

*Bain v. Bain*,
No. 02-06-00215-CV, 2007 WL 174463 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) (mem. op.) ........................................................................10

*City of Beaumont v. Excavators & Constructors, Inc.*,
870 S.W.2d 123 (Tex. App.—Beaumont 1993, writ denied)........... 22, 23, 24, 25

*Cox v. Cox*,
298 S.W.3d 726 (Tex. App.—Austin 2009, no pet.) ............................................8

*El Paso Mktg., LP v. Wolf Hollow I, LP*,
383 S.W.3d 138 (Tex. 2012)................................................................................26

*ERI Consulting Eng'rs, Inc. v. Swinnea*,
318 S.W.3d 867 (Tex. 2010)...................................................................... 18, 19

*Exel Transp. Servs., Inc. v. Aim High Logistics Servs., LLC*,
323 S.W.3d 224 (Tex. App.—Dallas 2010, pet. denied)....................................27

*Frank B. Hall & Co. v. Beach, Inc.*,
733 S.W.2d 251 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.)................17

*Golden Bear Distrib. Sys. of Tex., Inc. v. Chase Revel, Inc.*,
708 F.2d 944 (5th Cir. 1983)................................................................................16

*Green Int'l, Inc. v. Solis*,
951 S.W.2d 384 (Tex. 1997)................................................................................27

*Holt Atherton Indus., Inc. v. Heine*,
835 S.W.2d 80 (Tex. 1992)...................................... 12, 13, 14, 16, 17, 21, 22, 23

*Hunan Ranch Corp. v. JP Morgan Chase Bank*,
No. D-1-GN-14-00470 (201st Dist. Ct., Travis County, Tex. Nov. 10, 2014) .....6

*Ins. Co. of State of Pa. v. Lejeune*,
   297 S.W.3d 254 (Tex. 2009).................................................................7

*Lefton v.Griffith*,
   136 S.W.3d 271 (Tex. App.—San Antonio 2004, no pet.)................................18

*M & A Tech., Inc. v. iValue Grp., Inc.*,
   295 S.W.3d 356 (Tex. App.—El Paso 2009, pet. denied) ..................................19

*MCI Sales & Serv., Inc. v. Hinton*,
   329 S.W.3d 475 (Tex. 2010)...............................................................20

*Milestone Operating, Inc. v. ExxonMobil Corp.*,
   346 S.W.3d 101 (Tex. App.—Houston [14th Dist.] 2011, pet. granted), *rev'd on
   other grounds*, 388 S.W.3d 307 (Tex. 2012) ......................................... 18, 20, 23

*Morgan v. Compugraphic Corp.*,
   675 S.W.2d 729 (Tex. 1984)............................................................ 22, 23

*Norman Commc'n v. Tex. Eastman Co.*,
   955 S.W.2d 269 (Tex. 1997)..............................................................8

*Orchid Software, Inc. v. Prentice-Hall, Inc*,
   804 S.W.2d 208, 210–211 (Tex. App.—Austin 1991, writ denied)…………........16

*Robinson v. Robinson*,
   487 S.W.2d 713 (Tex. 1972)..............................................................9, 10

*Rogers v. Rogers*,
   561 S.W.2d 172 (Tex. 1978)........................................................ 9, 10, 11

*Sherman Acquisition II LP v. Garcia*,
   229 S.W.3d 802 (Tex. App—Waco 2007, no pet.) ..........................................12

*Simon v. York Crane & Rigging Co., Inc.*,
   739 S.W.2d 793 (Tex. 1987)...............................................................10

*State v. Harrell Ranch, Ltd.*,
   268 S.W.3d 247 (Tex. App.—Austin 2008, no pet. ) .........................................14

*Stone v. Talbert Operations, LLC*,
   No. 04-14-00008-CV, 2014 WL 7439931 (Tex. App.—San Antonio,
   Dec. 31, 2014, no pet.) (mem. op.) ...............................................9. 10

*Sw. Battery Corp. v. Owen*,
   115 S.W.2d 1097 (Tex. 1938).......................................................... 16, 19

*Tex. Crushed Stone Co. v. Baker*,
   576 S.W.2d 894 (Tex. Civ. App.—Tyler 1979, no writ)...................................10

vi

*Tex. Instruments v. Teletron Energy Mgmt., Inc.*,
877 S.W.2d 276 (Tex. 1994) ..............................................................................19

*Texaco, Inc. v. Phan*,
137 S.W.3d 763 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ............. 21, 22

*Thompson v. Thompson*,
No. 02-13-00292-CV, 2014 WL 3865951 (Tex. App.—Fort Worth
Aug. 7, 2014, no pet.) (mem. op.) ......................................................................10

*Wunderlich Contracting Co. v. United States*,
351 F.2d 956 (Ct. Cl. 1965) ..............................................................................23

*Zeno Digital Solutions, LLC v. K Griff Investigations*,
No. 14-09-00473-CV, 2010 WL 3547708 (Tex. App.—Houston [14th Dist.]
Sept. 14, 2010, no pet.) ......................................................................................15

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2013) .....................................26

**Rules**

Tex. R. App. P. 13.1 ...............................................................................................10

Tex. R. App. P. 26.1(c) ............................................................................................7

Tex. R. App. P. 30 ....................................................................................................7

Tex. R. App. P. 39.1(d) ............................................................................................2

Tex. R. Evid. 201 ...................................................................................................19

**Appendix**

Certified Record………………………………………………………………….Ex. 1

U.S. Census Bureau Statistics…………………………………………….. Ex. 2

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Appellants DUONG NHU HA and D&H RESTAURANT EQUIPMENT (collectively, "Mr. Ha" or "Appellants") respectfully submit this brief in support of their restricted appeal asking that the Court remand this case for a new trial. Appellants respectfully show the following:

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | This is a restricted appeal of a no-answer default judgment that was granted by the 201st District Court of Travis County, Texas. *See* Certified Record ("CR") 9−11 (attached as Exhibit 1). On March 19, 2014, Appellee Hunan Ranch Corporation ("Hunan Ranch" or "Appellee") brought a breach of contract action against Appellants arising out of Appellants' alleged failure to install a commercial wok range. CR 1−2. |
| *Course of Proceedings:* | The Honorable Suzanne Covington, 201st Judicial District, Travis County, appears to have conducted a bench trial on liability and damages.[1] Appellants were not present at this hearing on final judgment, which was not transcribed, and did not participate thereafter. CR 9. |
| *Trial Court's Disposition:* | Appellee obtained a final no-answer default judgment against Appellants on June 30, 2014. CR 9−11. The trial court awarded unliquidated damages of $38,663.81; attorneys' fees of $6,693.75; and pre- and post-judgment interest. *Id*. |

---

[1] Appellants cannot verify the events at the hearing because Hunan Ranch failed to procure a reporter's record. *See infra* Part III.

## STATEMENT ON ORAL ARGUMENT

Appellants respectfully request oral argument because this case raises significant issues related to the factual and legal sufficiency of the evidence presented by Appellees in obtaining a default judgment. Inclusion of oral argument will aid the decisional process[2] by clarifying at least the following legal issue: whether a new trial is proper on a restricted appeal in which material evidence is left out of the trial court record; there is no transcript to prove such evidence was ever considered by the trial court in its decision; and, without that evidence, Appellants cannot properly challenge the record below.[3]

## STATEMENT OF ISSUES PRESENTED

I.   Because Hunan Ranch Failed to Enter Material Exhibits into the Record, Including the Alleged Purchase Order and Evidence to Support Its Damages, and Failed to Procure a Reporter's Record at the Default Judgment Proceeding, There Is Error on the Face of the Record and the Court Should Remand for a New Trial.

II.  There is Error on the Face of the Record Because the Evidence to Support Hunan Ranch's Unliquidated Damages Claim is Defective.

III. Because Hunan Ranch Failed to Prove a Causal Nexus Between the Alleged Breach of Contract and the Claimed Damages, Error Is Apparent on the Face of the Record and the Court Should Remand for a New Trial.

IV.  Because Hunan Ranch Failed to Prove Its Unliquidated Damages, It Cannot Recover Attorneys' Fees.

---

[2] *See* Tex. R. App. P. 39.1(d).
[3] In addition to the foregoing reasons, two of the attorneys representing Mr. Ha have less than 6-years of experience practicing law and would appreciate the opportunity to argue before the Court.

# STATEMENT OF FACTS[4]

This is a restricted appeal from a no-answer default judgment arising from a contract dispute about the installation of a commercial wok range.[5] Appellant Duong Nhu Ha is the sole proprietor of D&H Restaurant Equipment, a plumbing and restaurant supply servicing company, based in Garland, Texas (a suburb of Dallas). CR 1. Appellee operates the Hunan Ranch Restaurant based in Austin, Texas. CR 1−2, 17. One of its directors and owners is Mr. John Chen. CR 17.

On November 24, 2013, Mr. Chen sent Mr. Ha a purchase order ("Purchase Order") for a commercial wok range ("new wok range") to be installed by December 26, 2013. CR 17−18. This Purchase Order, which purportedly forms the basis of Appellees' lawsuit and the trial court's judgment, was never admitted into evidence and is not part of the record in this case. *See generally* CR; CR 17−19. Nonetheless, it is undisputed that this ordinary Purchase Order would not have contained a "time is of the essence" provision.

The parties later agreed to delay delivery so that the installation of the new wok range would coincide with some anticipated renovations at the restaurant. CR 18. Hunan Ranch purportedly expected these renovations to last three days, from January 6−9, 2014, during which time the restaurant would be closed. *Id.* During

---

[4] Though Appellants assume liability solely for the purpose of this restricted appeal, Appellants reserve the right in a future bill of equitable review and in a prospective new trial (if granted by the Court) to challenge the many misrepresentations of the facts made by Appellees.

[5] A commercial wok range is a large and high-powered open-burner range for use with restaurant woks and for stir-frying. *See* CR 17−18.

these renovations, Mr. Chen asked third-party contractors to remove the still-functioning old wok range in order to repair a wall; these contractors never reinstalled the old wok range after the renovations were completed. *See id.* Hunan Ranch purportedly kept its business closed for 8.5 days while waiting for the new wok range. *See id.* Nonetheless, Mr. Ha, drove to Austin to reinstall Mr. Chen's old commercial wok range while the new wok range was still being refurbished. *Id.*

Hunan Ranch filed its complaint on March 19, 2014. CR 1−3. Approximately one week later, on the evening of Friday, March 28, 2014, Mr. Ha made a trip from Dallas to Austin to deliver the new wok range. CR 18. He worked overnight to install the new wok range so as not to interrupt Hunan Ranch's business. *See* CR 8, 18.

He completed the installation the next morning. *Id.* That morning, Mr. Chen instructed his chef to serve breakfast to Mr. Ha. After Mr. Ha finished breakfast, a service processor served Mr. Ha with the complaint. CR 1−8. Mr. Ha, who does not speak or understand English well, did not realize he had been served. Instead, he approached Mr. Chen and requested payment of the remaining $3,000 balance on the new wok range. Mr. Chen told him he could collect the remaining balance by speaking with Hunan Ranch's lawyer. Assuming this was an offer to

4

settle, Mr. Ha drove back to Dallas believing he would simply write off the remaining balance as a loss to his business.

The trial court held a final judgment hearing on June 30, 2014. CR 9−11. Hunan Ranch did not request a court reporter to transcribe the proceedings, nor was a transcription made. The court entered default judgment for Hunan Ranch and awarded unliquidated damages for lost sales of $38,663.81, an amount nearly six times the total cost of the $6,500 new wok range. CR 9. Using "Sales Reports" from October to December 2013, Hunan Ranch speculated that its "average sales income per month . . . was $137,075.92 which is $4,469.86 per day." CR 19. These "Sales Reports" detailing Hunan Ranch's alleged damages were never entered into evidence and are not part of the record in this case. *See generally* CR; CR 17−19. Based on these "Sales Reports," Hunan Ranch alleges a total of $37,993.81 of lost sales during the 8.5 days it closed its restaurant. CR 19.

In addition, Mr. Chen alleges the reinstallation of the old wok range resulted in a gas leak that caused Hunan Ranch to issue "approximately $670 in voids and credits." *Id.* The trial court also awarded attorneys' fees of $6,693.75, and pre- and post-judgment interest to Hunan Ranch. *See* CR 9−10, 12−14.

Mr. Ha did not answer the complaint, attend the final judgment hearing, or file any postjudgment motions because he did not know he was being sued. Mr. Ha finally learned about the lawsuit in December 2014, after Hunan Ranch filed an

5

application for writ of garnishment and had his bank account frozen.  *See Hunan Ranch Corp. v. JP Morgan Chase Bank*, No. D-1-GN-14-00470 (201st Dist. Ct., Travis County, Tex. Nov. 10, 2014).  When Mr. Ha learned of the lawsuit, he promptly secured pro bono counsel and timely filed a notice of restricted appeal on December 30, 2014.

## SUMMARY OF ARGUMENT

This Court should remand the case for a new trial for at least the following reasons.  First, there is error on the face of the record because Hunan Ranch not only failed to submit material evidence into the record, but also failed to procure a court reporter's record at the default judgment proceeding, making it impossible to confirm whether these exhibits were actually considered by the trial court in granting its default judgment.  Second, there is error on the face of the record because Hunan Ranch calculated its unliquidated damages based on an incorrect standard (lost sales) rather than the correct standard (lost profits).  Moreover, even were one to assume that Hunan Ranch had used the proper measure of damages, Hunan Ranch still failed to prove its damages claim with reasonable certainty using objective evidence.  Third, Hunan Ranch failed to show a causal nexus between the alleged breach of contract and its unliquidated damages claim for lost sales.  Finally, Hunan Ranch cannot recover its attorneys' fees because it failed to prove its damages claim.  Because of the significant errors on the face of the record

6

and the lack of sufficient evidence to support the default judgment, the Court should remand the case for a new trial.

## ARGUMENT

### I. INTRODUCTION

This is a restricted appeal in which Appellee obtained a default judgment against Mr. Ha, an individual who does not speak English well and did not know that he had been sued, in an amount that exceeds his annual income and nearly his entire net worth, based on a hearing that was not recorded, a contract that was never entered into evidence, and insufficient evidence of unliquidated damages. Because of the significant errors on the face of the record and the lack of sufficient evidence to support the default judgment, the Court should remand this case for a new trial.

In determining whether a party can prevail in a restricted appeal, Courts must consider the following factors:

> (1) [the party] filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *see* Tex. R. App. P. 26.1(c), 30. For purposes of a restricted appeal, the face of the record consists of all the papers before the trial court at the time judgment was rendered.

7

*Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.). Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal, a review of the entire case, with the limitation that error must appear on the face of the record. *Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

## II. MR. HA HAS SATISFIED THE PRELIMINARY REQUIREMENTS FOR A RESTRICTED APPEAL.

Mr. Ha has met the initial requirements to prevail on a restricted appeal: Mr. Ha timely filed the notice of appeal on December 30, 2014, within six months after the trial court signed its June 30, 2014 final judgment; he was a party to the underlying suit; and he did not participate in the summary judgment hearing or file any post-judgment motions or requests for findings of fact and conclusions of law.

## III. BECAUSE HUNAN RANCH FAILED TO ENTER MATERIAL EXHIBITS INTO THE RECORD, INCLUDING THE ALLEGED PURCHASE ORDER AND EVIDENCE TO SUPPORT ITS DAMAGES, AND FAILED TO PROCURE A COURT REPORTER'S RECORD AT THE DEFAULT JUDGMENT PROCEEDING, THERE IS ERROR ON THE FACE OF THE RECORD AND THE COURT SHOULD REMAND FOR A NEW TRIAL.

Mr. Ha also satisfies the fourth requirement to prevail on a restricted appeal because there is error on the face of the record. Here, Hunan Ranch not only failed to enter material exhibits into the record, including the contract and the evidence to support the calculations for its unliquidated damages, but it also failed to procure a court reporter's record at the default judgment proceeding, making it impossible to

confirm whether these exhibits were actually considered by the court in entering its default judgment.

The Texas Supreme Court has consistently held that "if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Rogers v. Rogers,* 561 S.W.2d 172, 173−74 (Tex. 1978) (quoting *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972)). An appellant is not required to "agree with an adversary upon the facts adduced at the trial or to rely on the unaided memory of the trial judge who decided the merits of the case" in order to obtain a reporter's record of the events at a trial court proceeding. *See Rogers*, 561 S.W.2d at 173.

In a recent case under similar facts, the Fourth Court of Appeals remanded a case to the trial court because no reporter's record was taken. *Stone v. Talbert Operations, LLC*, No. 04-14-00008-CV, 2014 WL 7439931 (Tex. App.—San Antonio, Dec. 31, 2014, no pet.) (mem. op). In *Stone*, the plaintiff filed a petition alleging breach of contract, fraud, and conversion. *Id*. at *1. The defendant did not file an answer and default judgment was entered against him. *Id*. The defendant subsequently filed a restricted appeal. *Id*. The court held "error [was] apparent on the face of the record" because "no reporter's record was taken of the

trial court's evidentiary hearing resulting in the no-answer default judgment." *Id.* at *2.

Here, Appellants diligently requested a reporter's record of the trial court's evidentiary hearing resulting in the no-answer default judgment, and the official court reporter notified Appellants that she did not make one. As in *Stone*, there is error apparent on the face of the record because no reporter's record was taken of the default judgment proceedings. *Id.*; *see also Rogers*, 561 S.W.2d at 173–74; *Robinson*, 487 S.W.2d at 715; *Thompson v. Thompson*, No. 02-13-00292-CV, 2014 WL 3865951, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.).

Though it is true that a court may ordinarily presume that the evidence on the record is sufficient to support the trial court's judgment, *see Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987), this presumption does not apply on direct review of a default judgment where no reporter's record was made through no fault of the appellant, *see Tex. Crushed Stone Co. v. Baker*, 576 S.W.2d 894, 896 (Tex. Civ. App.—Tyler 1979, no writ) ("Where the appealing party . . . was not present and was not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be waived."); *Bain v. Bain*, No. 02-06-00215-CV, 2007 WL 174463, at *3 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) (mem. op.) (noting also that Texas Rule of Appellate Procedure 13.1 requires a court reporter

10

to attend and make a full record of the proceedings unless excused by agreement of the parties).

This presumption should especially not apply here where the evidence on the record is insufficient to support the trial court's judgment. As evident from a review of the record certified by the trial court, Hunan Ranch failed to enter into the record the very Purchase Order forming the basis of this contract dispute. *See generally* CR; CR 17−19. This Purchase Order was purportedly appended to the Affidavit of John Chen ("Chen's Affidavit") as Exhibit A-1, but was never entered into the record with that affidavit. *See* CR 17−19. Similarly, the "Sales Reports" that comprise the sole evidence for Hunan Ranch's unliquidated damages claim were never entered into the record, even though they were purportedly attached to Chen's Affidavit as Exhibit A-3. *Id.* Both are material exhibits that should have been considered by the trial court before entering default judgment.

Instead, Hunan Ranch's failure to procure a reporter's record prevents Mr. Ha from obtaining *any* information regarding the actual evidence on liability and damages considered at the hearing, without being forced to rely on his "adversary" or on the "unaided memory of the trial judge." *Rogers*, 561 S.W.2d at 173. As such, Mr. Ha's right to a proper appellate review, due to no fault on his part, can be preserved only by a new trial on both liability and damages. *See id.*

11

**IV.** **THERE IS ERROR ON THE FACE OF THE RECORD BECAUSE THE EVIDENCE TO SUPPORT HUNAN RANCH'S UNLIQUIDATED DAMAGES CLAIM IS DEFECTIVE.**

The evidence on the face of the record is also insufficient to support the judgment for unliquidated damages. On a restricted appeal for a default judgment, "all allegations set forth in the petition are deemed admitted, except the amount of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Thus, even in a default judgment, the plaintiff must still prove unliquidated damages with reasonable certainty. *Id.*

Whether damages are liquidated or unliquidated depends on the language of the petition. *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 809 (Tex. App—Waco 2007, no pet.). If the damages can be calculated from "factual, as opposed to conclusory allegations in the petition" and an instrument in writing, then the damages are liquidated. *Id.* However, if the damages cannot be calculated from the facts in the petition then the damages are unliquidated, and the trial court must hear evidence of those damages. *Holt Atherton Indus., Inc.*, 835 S.W.2d at 83. Here, only unliquidated damages are at issue because Mr. Ha did subsequently perform under the contract and install the new wok range. Hunan Ranch is therefore required to prove its alleged damages because the face of the petition claims only unliquidated damages, and, as Hunan Ranch admits, these "damages have not yet been calculated." CR 2.

12

Nonetheless, Hunan Ranch has failed to competently prove any unliquidated damages, as required, for at least three reasons. First, Hunan Ranch used the incorrect standard—lost **sales**—instead of the correct standard—lost **profits**—for calculating damages on a breach of contract claim. Second, even had Hunan Ranch properly alleged that it should have been awarded lost profits, it failed to show that it was even profitable and that it was entitled to such a claim for damages. Finally, Hunan Ranch's sole evidence of its alleged damages is defective and fails to prove such damages with the reasonable certainty necessary to support a default judgment.

> **A. Hunan Ranch used an incorrect measure for damages (lost sales) instead of the correct measure of damages (lost profits) in calculating its unliquidated damages claim.**

Hunan Ranch failed to use the correct measure of damages in calculating its unliquidated damages. The measure of actual damages for a breach of contract is the loss of the benefit of the bargain, which should put the plaintiff in the same economic position he would have been in had the contract been performed. *See Am. Nat'l Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex. 1990). As such, Texas courts have consistently made clear that ***lost profits and not lost revenue*** is the correct measure of damages in a breach of contract case. *Holt Atherton Indus., Inc.*, 835 S.W.2d at 83 n.1, 84 (holding that the "correct measure of damages" is the income remaining ***after deducting expenses***

13

and that "lost income is not the correct measure of damages"); *State v. Harrell Ranch, Ltd.*, 268 S.W.3d 247, 257 (Tex. App.—Austin 2008, no pet. ) (holding that "[l]ost profits must be based not on gross revenues, but on net profits"). Lost profits are calculated based on "the difference between a business's total receipts and all the expenses incurred in carrying on the business." *Harrell Ranch, Ltd.*, 268 S.W.3d at 257.

Here, it is undisputed that Hunan Ranch improperly calculated damages based on sales income, instead of lost profits. As Mr. Chen states in his affidavit, Hunan Ranch's damages are based on the "average *sales income* per month prior to the removal of the old wok [range, which] was $137,075.92, [or] $4,469.86 per day." CR at 19 (emphasis added). This hypothetical sales income for the month of January was apparently calculated based on the *average total sales* for the months of October, November, and December in 2013. As discussed in Part III, Hunan Ranch failed to provide sufficient evidence to prove even these sales.

Hunan Ranch also offered no evidence of expenses, if any, that were deducted to arrive at a net profit calculation. *Id.* In order for the evidence of lost profits to be sufficient "[t]here must be some showing that expenses were deducted in arriving at the amount of net profits lost." *Harrell Ranch, Ltd.*, 268 S.W.3d at 257. For example, the Fourteenth Court of Appeals has held that a plaintiff's evidence of lost profit damages is insufficient if it does not provide evidence that it

14

deducted expenses, even if the plaintiff "argues that expenses were, in fact, taken into account in calculating lost profits." *Zeno Digital Solutions, LLC v. K Griff Investigations*, No. 14-09-00473-CV, 2010 WL 3547708, at * 3 (Tex. App.—Houston [14th Dist.] Sept. 14, 2010, no pet.).

Here, Chen's Affidavit fails to account for important expenses incurred in running a restaurant such as employee wages and benefits, food and beverage costs, rent or mortgage, insurance expenses, property tax, utilities, waste removal costs, equipment repairs, marketing and promotional expenses, and other operating expenses. Because such expenses would have been incurred in the ordinary course of business—whether or not there were an alleged breach of contract—Hunan Ranch would receive a windfall if Appellants had to compensate it for expenses unrelated to the alleged breach of contract.

Because lost profits and not lost sales are the proper measure of damages on a breach of contract claim, Appellants respectfully request that the Court remand the case for a new trial at least with respect to damages. *See, e.g.*, *Holt Atherton*, 835 S.W.2d at 83 (remanding the case because evidence of damages was insufficient).

### B. Hunan Ranch failed to prove that it was even profitable.

Even had Hunan Ranch properly shown that it should have been awarded lost profits, it still must show that it was profitable and therefore entitled to such a

15

claim for damages. In general, businesses lacking a history of profitability or which have operated at a loss may not recover lost profits under Texas law. *See Golden Bear Distrib. Sys. of Tex., Inc. v. Chase Revel, Inc.*, 708 F.2d 944, 951 (5th Cir. 1983) (reviewing Texas state law and stating that "Texas law permits the recovery of the expected profits of a business only if 'there was some data and history of profits from an established business'") (quoting *Atomic Fuel Extraction Corp. v. Slick's Estate*, 386 S.W.2d 180, 188 (Tex. App.—San Antonio 1964, writ ref'd n.r.e.)). Although more recent cases have held that "the absence of a history of profits does not, by itself, preclude a new business from recovering lost future profits," a business must still, at least, provide "other data . . . to show anticipated profits to a reasonable certainty." *See Orchid Software, Inc. v. Prentice-Hall, Inc.*, 804 S.W.2d 208, 210−211 (Tex. App.—Austin 1991, writ denied). Because Hunan Ranch has provided no history of profitability or any "other data" to show its profitability with reasonable certainty, it is not entitled to an award of lost profits.

## C. Hunan Ranch failed to prove any damages by competent evidence and with reasonable certainty.

It has long been the rule in Texas that in order to recover lost profits, the amount of the loss "must be shown by competent evidence with reasonable certainty." *Sw. Battery Corp. v. Owen*, 115 S.W.2d 1097, 1098 (Tex. 1938). When the plaintiff in a default judgment fails to prove damages with reasonable

16

certainty, the proper remedy on appeal is to remand the case to the trial court for a new trial. *Holt Atherton Indus.*, 835 S.W.2d at 86. Without the objective data and explanation of how the lost profits were calculated, a court "does not have any basis for determining whether the damages were established with reasonable certainty or were based on pure speculation." *Id.* at 84. A court "cannot uphold an award of damages based upon speculation." *Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 259 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.).

Here, Mr. Chen's unsubstantiated and conclusory affidavit is not competent evidence that can establish Hunan Ranch's damages with reasonable certainty. Even assuming that Chen's Affidavit was intended to adduce lost profits as opposed to average sales per month, Hunan Ranch still failed to prove any damages with reasonable certainty because Chen's Affidavit (1) was not based on objective information and (2) provides no evidence of how Hunan Ranch's lost profits were actually calculated.

1. Hunan Ranch's damages claim was not based on objective facts, figures, or data.

Hunan Ranch's claim for damages is not based on competent evidence but conclusory statements unsupported by objective facts, figures, or data. Courts have long upheld the necessity of actual evidence to support an award of unliquidated damages in a default judgment. *See, e.g., Milestone Operating, Inc. v. ExxonMobil Corp.,* 346 S.W.3d 101, 109−11 (Tex. App.—Houston [14th Dist.]

17

2011, pet. granted), *rev'd on other grounds*, 388 S.W.3d 307 (Tex. 2012) (finding that conclusory assertions in an affidavit were insufficient to support awarded damages in a default judgment); *see also Lefton v.Griffith*, 136 S.W.3d 271, 277 (Tex. App.—San Antonio 2004, no pet.) (reversing damage award because affidavit testimony was conclusory).  Although "[r]ecovery for lost profits does not require that the loss be susceptible of exact calculation, . . . [a]s a minimum, [any] opinions or estimates of lost profits must be based on objective facts, figures, or data."  *Holt Atherton Indus.*, 835 S.W.2d at 84.  For example. in *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 876−77 (Tex. 2010), the Supreme Court of Texas held that evidence that consisted of "dozens of detailed invoices" and testimony from the plaintiff's in-house accountant as to the plaintiff's net profit margin was a "legally adequate" method for proving lost profits.

In contrast, here, Chen's Affidavit makes a conclusory assertion that "Plaintiff's average sales income per month prior to the removal for the old wok was $137,073.92, which is $4,439.86 per day. . . . Due to the delay in the delivery of the new wok, Plaintiff suffered lost sales in the amount of $37,993.81."  CR 19. These statements are unsubstantiated because, as discussed in Part III, the Sales Reports that form the basis for the calculations are nowhere in the record. Moreover, unlike the plaintiff in *ERI Consulting Engineers*, who offered detailed invoices and testimony from an accountant, Hunan Ranch offers neither objective

18

documents nor factual testimony from an objective third-party. 318 S.W.3d at 876–77.

Any objective facts, figures, or data supporting an unliquidated damages claim must also come from a "corresponding period of time not too remote" or from "the business during the time for which recovery is sought." *Tex. Instruments v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 279 (Tex. 1994) (quoting *Sw. Battery Corp. v. Owen*, 115 S.W.2d at 1098–99). "Normally, when conducting a lost profit analysis you look to past profits and ***adjust these numbers based on the surrounding circumstances*** to determine what the lost profit for a certain time period should be." *M & A Tech., Inc. v. iValue Grp., Inc.*, 295 S.W.3d 356, 366 (Tex. App.—El Paso 2009, pet. denied) (emphasis added). Here, Chen's Affidavit does not provide evidence that the months of October, November, and December 2013 (the months used for calculating the "average sales income") should be considered "corresponding periods" to January 2014 (the month of the alleged lost sales). CR 19. In particular, Hunan Ranch fails to adduce whether sales in these three months, which overlap with the holiday season and are usually the busiest and ***most*** profitable months for sales in the restaurant industry, are corresponding or representative of the sales typically made by Hunan Ranch in January, a post-holiday month that is usually one of the ***least*** profitable months in the restaurant

19

industry.[6]  At a minimum, Hunan Ranch failed to adjust its average sales to account for the seasonality of sales in the restaurant industry.

Chen's Affidavit also fails to provide any evidence of the typical profit margin for the restaurant.  CR 17−19.  Without any objective information to substantiate his testimony, Chen's statements regarding Hunan Ranch's purported sales income per day are merely conclusory.  *See, e.g., Milestone Operating, Inc.*, 346 S.W.3d at 109−11 (finding conclusory assertions in an affidavit were insufficient to support damages awarded in a default judgment).  Finally, Chen's Affidavit contains no objective data to corroborate the claim that it is owed "approximately $670.00 in voids and credits."  CR at 19.  The Affidavit does not explain what any such "voids and credits" are or how they were calculated.  *Id*.

### 2. Chen's Affidavit does not indicate how damages were determined.

Even if Hunan Ranch based its estimate of lost profits on objective data, any testimony offered to prove the lost profits must also indicate how the lost profits

---

[6] According to the U.S. Census Bureau, average restaurant sales in 2011 to 2014 were typically lowest in January and February and highest in the months of October, November, and December. *See* Ex. 4, U.S. Census Bureau, *Time Series/Trend Charts: Food Services and Drinking Places U.S. Total Jan-2013 to Dec-2014* (*available at* http://tinyurl.com/nmpky9z).  Appellants request that the Court take judicial notice of these statistics from the U.S. Census Bureau because they are "capable of accurate and ready determination" by resort to a source "whose accuracy cannot reasonably be questioned." *See* Tex. R. Evid. 201; *see also MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 485 n. 7 (Tex. 2010) (taking judicial notice of a seatbelt usage study commissioned by the U.S. Department of Transportation); *Aetna Cas. & Sur. Co. v. Hill*, No. 05-91-01290-CV, 1992 WL 172384, at *2 (Tex. App.—Dallas July 21, 1992, no writ) (mem. op., not designated for publication) (holding that judicial notice of a life table published by National Center for Health Statistics was proper).

were determined. For example, in *Holt Atherton Industries*, 835 S.W.2d at 84, the court held that a plaintiff's testimony of the total amount of lost profits without explanation was "legally insufficient."

In *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 772 (Tex. App.—Houston [14th Dist.] 2004, no pet.), the Fourteenth Court of Appeals held that an affidavit, which stated that lost profits were calculated by using a profit margin from the previous 17-months, was insufficient to prove lost profit damages. The court held that the plaintiffs failed to meet their burden to prove lost profits by submitting the affidavit because the plaintiffs failed to define what "they meant by profit margin," and they did not "address expenses, whether to say that expenses were static or that they rose and fell according to the volume of sales." *Id.*

Nonetheless, the plaintiffs in *Texaco* at least presented some affidavit testimony explaining that their lost profit damages were calculated based on their profit margin from the previous 17-month period. *Texaco*, 137 S.W.3d at 771. In contrast, Hunan Ranch has failed to even indicate, at a minimum, the method it used to calculate damages. Chen's Affidavit states simply that its average sales income was "$137,075.92 [per month], which is $4,469.86 per day." CR at 19. From this affidavit, it is unclear whether expenses were deducted from total sales or whether a percentage was multiplied to the expenses to calculate the estimated lost profits. Given that the *Texaco* plaintiffs offered substantially more evidence

21

than Hunan Ranch, and yet that evidence was still held insufficient, it is clear that Hunan Ranch's evidence on damages is inadequate. Because Hunan Ranch failed to prove damages with reasonable certainty, this Court should, at a minimum, remand the case to the trial court for a new trial on damages. *See Holt Atherton Indus.*, 835 S.W.2d at 86 (remanding the case because evidence of damages was insufficient).

**V.    BECAUSE HUNAN RANCH FAILED TO PROVE A CAUSAL NEXUS BETWEEN THE ALLEGED BREACH OF CONTRACT AND THE CLAIMED DAMAGES, ERROR IS APPARENT ON THE FACE OF THE RECORD AND THE COURT SHOULD REMAND FOR A NEW TRIAL.**

Hunan Ranch failed to carry its burden of proving a causal nexus between Appellants' conduct and its claimed damages of lost sales plus $670.00 in purported "voids and credits." A plaintiff must prove two causal nexuses— (1) between the defendant's conduct and the event sued upon and (2) between the event sued upon and the plaintiff's injury. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984); *see also City of Beaumont v. Excavators & Constructors, Inc.*, 870 S.W.2d 123, 131−32 (Tex. App.—Beaumont 1993, writ denied) (requiring proof of causal nexus in a breach of contract action). Although "a default judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based" and thereby satisfies the first causal nexus, a plaintiff in a default judgment case must still prove the second causal nexus by "competent evidence." *Morgan*, 675 S.W.2d at 732. "This is true because the

plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit; that the defendant has defaulted does not give the plaintiff the right to recover for damages which did not arise from his cause of action." *Id.*

In particular, when a plaintiff alleges that a defendant's conduct resulted in a delay and damages, the plaintiff must prove that the ***entire time period*** of the delay resulted from the defendant's conduct. *See Holt Atherton Indus.*, 835 S.W.2d at 86 (holding the plaintiffs failed to prove they were entitled to recover lost profits for the entire thirteen month period); *see also City of Beaumont*, 870 S.W.2d at 132 (quoting *Wunderlich Contracting Co. v. United States*, 351 F.2d 956, 969 (Ct. Cl. 1965) (holding that "[b]road generalities and inferences to the effect that defendants *must* have caused some delay and damages because the contract took . . . longer to complete than anticipated are not sufficient").

For example, in *Beaumont*, the court held the plaintiffs failed to prove a causal nexus between "the delays and hindrances (and the events connected therewith) that were sued upon" and "the plaintiff's money damages." 870 S.W.2d at 131. The court held that some of the plaintiff's damages were caused—not by the defendant—but by the plaintiff's own actions. *Id.* at 127. For example, the court pointed out that the plaintiff caused some of its own damages by "fail[ing] to mitigate its costs and damages." *Id.* Additionally, some of the claimed damages were the result of "certain alleged inefficiencies," caused by the plaintiff hiring its

own crew to complete work that had previously been subcontracted out. *Id*. at 126−27.

As in *Beaumont*, there is no causal nexus between Appellants' conduct and Hunan Ranch's claimed damages of 8.5 days of lost sales. Hunan Ranch states that under the purported terms of the Purchase Order, Appellants "agreed to manufacture and install a new wok [range] . . . to replace the existing wok [range]."[7] CR at 17. Any such agreement contemplated only that Appellants would manufacture and install a new wok range—it was unforeseeable that the contract would require appellants to reinstall an existing wok range inefficiently removed by Hunan Ranch and its third-party contractors. CR at 17. Here, it was clear that the old wok range was not removed because of any defects or problems functioning (since this same wok range was subsequently reinstalled). CR at 18. Rather, plaintiffs asked third-party contractors who were renovating the restaurant to remove the old wok range, and these third-party contractors never reinstalled the old wok range, partially causing the subsequent damages to plaintiff. *See id.*

Despite the fact that Hunan Ranch possessed a functioning old wok range,[8] and despite the fact that Hunan Ranch had every opportunity to mitigate damages

---

[7] The language of the Purchase Order cannot be verified because the Purchase Order was never submitted into evidence. *See supra* Part III; CR at 17−19.

[8] Notably, if a new trial is granted, Appellants intend to show that Chen's Affidavit falsely claims that on "January 16, 2014, [Appellants] *delivered* and installed the old wok [range]." CR 18 (emphasis added). Appellants, in fact, never "delivered" the old wok range because the old

by hiring a local contractor to reinstall this old wok range, Hunan Ranch chose to wait 8.5 days—all the while losing purported sales of $4,469.86 per day—for Mr. Ha to drive from Dallas to Austin and reinstall the old wok range that had been inefficiently removed. *See* CR at 19.

Like the plaintiff in *Beaumont*, Hunan Ranch has only proved a causal nexus between its ***own conduct*** and its claimed damages. 870 S.W.2d at 127, 132. Just as the plaintiff in *Beaumont* caused some of its own damages through inefficiencies and its failure to mitigate, Hunan Ranch similarly damaged itself through its inefficient and premature removal of the still-functioning old wok range and its failure to mitigate damages. *See id.* at 126−27. Hunan Ranch has therefore ***not*** proved the required causal nexus between Appellants' conduct and its claimed damages.

Additionally, Hunan Ranch has not proved any causal nexus between its claim for $670.00 in "voids and credits" and Appellants' alleged breach of contract. CR at 19. Chen's Affidavit states these "voids and credits" were caused by the "re-installation of the old wok [range which] led to a gas leak." *Id*. Besides this bare assertion, the Affidavit offers no explanation as to what such "voids and credits" are or how they were connected to any actions by Appellants. *Id*. If Hunan Ranch believed Appellants acted unreasonably and caused a gas leak that

---

wok range was uninstalled at the restaurant and *remained* in Hunan Ranch's possession at the restaurant until Mr. Ha reinstalled it.

led to any alleged "voids and credits," then it should have brought a negligence claim and not just a breach of contract claim; it cannot seek to recover damages for such "voids and credits" under a breach of contract claim. *See El Paso Mktg., LP v. Wolf Hollow I, LP*, 383 S.W.3d 138, 142−43 (Tex. 2012) (holding that "in determining whether an action sounds in tort or contract," a court will look to whether the "gist" of the claim is that defendant "failed to act as a reasonable [person] should have, which is the liability standard for negligence," or that defendant violated a duty imposed by contract). As Hunan Ranch has failed to prove any causal nexus between the terms of the contract and the unliquidated damages it now alleges, the Court should remand for a new trial.

## VI. BECAUSE HUNAN RANCH FAILED TO PROVE ITS UNLIQUIDATED DAMAGES, IT CANNOT RECOVER ATTORNEY'S FEES.

Hunan Ranch is not entitled to an award of attorneys' fees because it has failed to prove unliquidated damages in its breach of contract claim.[9] Chapter 38 of the Texas Civil Practices and Remedies Code allows for recovery of attorney's fees in breach of contract cases: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2013). However, to recover attorneys' fees under this

---

[9] *See supra* Parts III and IV.

statute, a party must do two things: (1) prevail on the breach of contract claim, and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

If a court determines that a party has offered insufficient evidence to support damages, then an award of attorneys' fees is not proper. *Exel Transp. Servs., Inc. v. Aim High Logistics Servs., LLC*, 323 S.W.3d 224, 234−35 (Tex. App.—Dallas 2010, pet. denied) (holding appellee could not recover attorneys' fees when the evidence of lost profit damages was insufficient to support the trial court's damage award). Because Hunan Ranch has offered legally and factually incompetent evidence to support its claim for unliquidated damages, this Court should reverse the trial court's grant of $6,693.75 in attorneys' fees and Appellee's request for prospective attorneys' fees on appeal. *See* CR 9−10.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants pray that this Court reverse the trial court's default judgment and remand this case for a new trial consistent with the Court's action. Appellants also request such other and further relief to which they may be entitled.

Respectfully submitted,

**VINSON & ELKINS LLP**

By:    /s/ Frank C. Brame
       Frank C. Brame
       State Bar No. 24031874
       Trammell Crow Center
       2001 Ross Avenue, Suite 3700
       Dallas, Texas 75201-2975
       Telephone: (214) 220-7817
       Fax: (214) 999-7818
       fbrame@velaw.com

       Janice L. Ta
       State Bar No. 24075138
       Michelle Arishita
       State Bar No. 24092048
       2801 Via Fortuna, Suite 100
       Austin, Texas 78746-7568
       Telephone: (512) 542-8512
       Fax: (512) 236-8239
       jta@velaw.com
       marishita@velaw.com

       ATTORNEYS FOR DEFENDANTS
       AND APPELLANTS DUONG NHU
       HA AND D&H RESTAURANT
       EQUIPMENT

28

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document, excluding the contents excluded by Tex. R. App. P. 9.4(i)(1), contains approximately 6,335 words, in compliance with Tex. R. App. P. 9.4(i)(2)(B).

/s/ Janice L. Ta
Janice L. Ta

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via electronic service on this, the 27th day of February, 2015, on the following counsel:

Doran D. Peters
Teresa C. Baker
HAJJAR PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Fax: (512) 637-4958
dpeters@legalstrategy.com
tbaker@legalstrategy.com

/s/ Janice L. Ta
Janice L. Ta

# APPENDIX

# EXHIBIT 1

Cause No. D-1-GN-14-000826

| | | |
|---|---|---|
| HUNAN RANCH CORPORATION | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | 201ST |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HA DUONG NHU and | § | |
| D&H RESTAURANT EQUIPMENT | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Hunan Ranch Corporation files this Original Petition against Ha Duong Nhu and D&H Restaurant Equipment (Defendants), and for cause of action would show the Court:

### I - DISCOVERY CONTROL PLAN

1.01      Plaintiff intends for discovery to be conducted under TEXAS RULE OF CIVIL PROCEDURE 190.3 (Level II).

### II - PARTIES

2.01      Plaintiff Hunan Ranch Corporation is a Texas corporation doing business in Travis County, Texas.

2.02      Defendant Ha Duong Nhu (Nhu) is an individual that can be served with process at his residence located at 2313 Crystal Creek Lane, Garland, Texas 75040.

2.03      D&H Restaurant Equipment (D&H) can be served with process by serving its owner and representative, Ha Duong Nhu, at its business address located at 2313 Crystal Creek Lane, Garland, Texas 75040.

2.04      Nhu and D&H will collectively be referred to herein as Defendants.

## III - FACTS

3.01        Plaintiff and Defendants entered into an agreement whereby Defendants would manufacture and install a commercial wok at Plaintiff's restaurant. This was to replace the existing wok. All parties knew that the wok was critical to the operation of Plaintiff's restaurant. The parties agreed that the wok would be completed and installed no later than December 26, 2013.

3.02        Defendants failed to timely complete the manufacture and installation of the wok.

## IV - CAUSES OF ACTION

4.01        **Breach of Contract:** Plaintiff and Defendants entered into an agreement. Defendants' failure to comply with the material terms of that agreement constitute a breach of contract. Defendants' breach of contact directly and proximately caused damages to Plaintiff.

4.02        Although Plaintiff's damages have not yet been calculated, Plaintiff anticipates that at trial it will seek monetary relief of $100,000 or less, but Plaintiff reserves the right to amend this statement as more information becomes available. In no event does Plaintiff anticipate it will seek monetary relief of more than $1,000,000.

## V - CONDITIONS PRECEDENT

5.01        All conditions precedent to maintaining this suit have been performed or have occurred.

## VI - REQUEST FOR DISCLOSURE

6.01        Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## VII - ATTORNEY FEES

7.01        Plaintiff is entitled to recover reasonable attorney's fees against Defendants pursuant

to the TEX. CIV. PRAC. & REM. CODE §38.001 *et seq.*

## VIII - PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants be cited to appear and answer, and that Plaintiffs have judgment for:

a.    Damages within the minimal jurisdictional limits of this Court;

b.    Costs of court and attorney fees;

c.    Pre-judgment and post-judgment interest as allowed by law;

d.    Such other and further relief in law and in equity to which Plaintiffs may show itself to be justly entitled.

Respectfully Submitted,

HAJJAR | SUTHERLAND & PETERS, LLP
1205 Rio Grande Street
Austin, Texas 78701
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By:    ____*/s/ Doran D. Peters*_____
         Doran D. Peters
         dpeters@hspwlegal.com
         State Bar No. 24027615
ATTORNEY FOR PLAINTIFF



# CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER (FOR CLERK USE ONLY): _____ COURT (FOR CLERK USE ONLY): _____

STYLED  Hunan Ranch Corporation v. Ha Dong Nhu and D&H Restaurant Equipment _____

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

Name:

Doran D. Peters

Email:

dpeters@hsplegal.com

Address:

1205 Rio Grande Street

Telephone:

512-637-4956

City/State/Zip:

Austin, Texas 78701

Fax:

512-637-4958

Signature:

*[signature]*

on behalf of Doran D. Peters

State Bar No:

24027615

### Names of parties in case:

Plaintiff(s)/Petitioner(s):

Hunan Ranch Corporation

Defendant(s)/Respondent(s):

Ha Duong Nhu and

D&H Restaurant Equipment

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:

☑ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent:

_____

Non-Custodial Parent:

_____

Presumed Father:

_____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW  *Civil*  |  *Family Law*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☒ Other Debt/Contract:
_____
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:
_____

OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
_____
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
_____
☐ Other Injury or Damage:
_____

**Real Property**

☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:
_____

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other: _____

**Marriage Relationship**

☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**

☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:
_____

**Post-judgment Actions (non-Title IV-D)**

☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**

☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**

☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:
_____

**Employment**

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**

☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**

☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ **Bill of Review**
☐ Certiorari
☐ **Class Action**

☐ **Declaratory Judgment**
☐ **Garnishment**
☐ **Interpleader**
☐ License
☐ **Mandamus**
☐ Post-judgment

☐ Prejudgment Remedy
☐ **Protective Order**
☐ **Receiver**
☐ **Sequestration**
☐ Temporary Restraining Order/**Injunction**
☐ Turnover

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN BOLD MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK. SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

4

# C I T A T I O N

## T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-14-000826

HUNAN RANCH CORPORATION

    vs.

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

TO:  HA DUONG NHU
      2313 CRYSTAL CREEK LANE
      GARLAND, TEXAS 75040

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 19, 2014 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 19, 2014.,

REQUESTED BY:
DORAN DONALD PETERS
HAJJAR SUTHERLAND PETERS & WASHMON LLP
1205 RIO GRANDE STREET
AUSTIN, TX 78701
BUSINESS PHONE:(512)637-4956  FAX:(512)637-4958

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: DIANA PARSONS

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the LAWYER REFERAL SERVICE NOTICE

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

AUSTIN PROCESS, LLC
809 NUECES _____ County, Texas
AUSTIN, TX 78701

D-1-GN-14-000826

SERVICE FEE NOT PAID

P01 - 000018654

☐ Original    ☐ Service Copy

# AFFIDAVIT OF SERVICE

| State of Texas | County of Travis | 201st Judicial District Court |
|---|---|---|

Case Number: D-1-GN-14-000826

Plaintiff:
**Hunan Ranch Corporation**

vs.

Defendant:
**Ha Duong Nhu and D&H Restaurant Equipment**

For:
Hajjar Sutherland Peters & Washmon, LLP
3144 Bee Cave Road
Austin, TX  78746

Received by Austin Process LLC on the 19th day of March, 2014 at 12:58 pm to be served on **Ha Duong Nhu, 2313 Crystal Creek Lane, Garland, TX 75040**.

I, Emmanuel F. Morales, being duly sworn, depose and say that on the **29th day of March, 2014** at **4:20 pm, I**:

**INDIVIDUALLY/PERSONALLY** delivered a true and correct copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Ha Duong Nhu** at the address of: **14900 Avery Ranch Blvd, C-300, Austin, TX 78717**, as an authorized agent of Austin Process, LLC, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered.  The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 31st day of March, 2014, by the affiant who is personally known to me.

NOTARY PUBLIC

I, VELVA L. PRICE, District Clerk, Travis County, Texas do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 09, 2016

VELVA L. PRICE
DISTRICT CLERK

By Deputy:

**Emmanuel F. Morales**
SCH-10708, Exp, 12/31/16

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2014000964
Ref: Hunan Ranch Corporation

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-14-000826**

HUNAN RANCH CORPORATION

       , Plaintiff

   vs.

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

      Defendant

TO:  D&H RESTAURANT EQUIPMENT
     BY SERVING ITS OWNER AND REPRESTATIVE HA DUONG NHU
     2313 CRYSTAL CREEK LANE
     GARLAND, TEXAS 75040

Filed in The District Court
of Travis County, Texas

MAR 3 1 2014

At_____M.
Amalia Rodriguez-Mendoza, Clerk

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>MARCH 19, 2014</u> in the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>March 19, 2014.</u>,

REQUESTED BY:
DORAN DONALD PETERS
HAJJAR SUTHERLAND PETERS & WASHMON LLP
1205 RIO GRANDE STREET
AUSTIN, TX 78701
BUSINESS PHONE:(512)637-4956  FAX:(512)637-4958

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: DIANA PARSONS

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>LAWYER REFERAL SERVICE NOTICE</u>

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

SERVICE RETURN ATTACHED

Sheriff/Constable / Authorized Person

By:_____ ~~AUSTIN PROCESS, LLC~~
         ~~809 NUECES~~
Printed Name of Server ~~AUSTIN, TX 78701~~

_____ County, Texas

D-1-GN-14-000826

SERVICE FEE NOT PAID

P01 - 000018655



☐ Original    ☐ Service Copy

7

# AFFIDAVIT OF SERVICE

**State of Texas**               **County of Travis**               **201st Judicial District Court**

Case Number: D-1-GN-14-000826

Plaintiff:
**Hunan Ranch Corporation**

vs.

Defendant:
**Ha Duong Nhu and D&H Restaurant Equipment**

For:
Hajjar Sutherland Peters & Washmon, LLP
3144 Bee Cave Road
Austin, TX  78746

Received by Austin Process LLC on the 19th day of March, 2014 at 12:58 pm to be served on **D&H Restaurant Equipment by serving its Owner and Representative, Ha Duong Nhu, 2313 Crystal Creek Lane, Garland, TX 75040**.

I, Emmanuel F. Morales, being duly sworn, depose and say that on the **29th day of March, 2014 at 4:20 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Ha Duong Nhu** as **Owner** at the address of: **14900 Avery Ranch Blvd, C-300, Austin, TX 78717** on behalf of **D&H Restaurant Equipment**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 31st day of March, 2014 by the affiant who is personally known to me. I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

NOTARY PUBLIC

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug 09, 2016

VELVA L. PRICE
**DISTRICT CLERK**
By Deputy:

**Emmanuel F. Morales**
SCH-10708, Exp, 12/31/16

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2014000965
Ref: Hunan Ranch Corporation

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

Cause No. D-1-GN-14-000826

HUNAN RANCH CORPORATION     §     IN THE DISTRICT COURT
        *Plaintiff*                §
                                   §
                                   §
v.                                 §
                                   §     201ST JUDICIAL DISTRICT
                                   §
                                   §
HA DUONG NHU and                   §
D&H RESTAURANT EQUIPMENT           §
        *Defendants*               §     TRAVIS COUNTY, TEXAS

## FINAL JUDGMENT

On this day came to be heard the above-styled and numbered cause wherein Hunan Ranch Corporation is plaintiff and Ha Duong Nhu and D&H Restaurant Equipment are defendants. Defendants, although being duly and legally cited to appear and answer, failed to appear and answer, and wholly made default. Citation was served according to law and returned to the clerk where it remained on file for the time required by law.

Having considered the pleadings, evidence and arguments, the Court finds and concludes that Hunan Ranch Corporation is entitled to the relief hereinafter given.

The Court FINDS defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, are liable and indebted to Hunan Ranch Corporation in the sums set forth below, and that plaintiff should recover his reasonable attorney's fee against Defendants.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Hunan Ranch Corporation have and recover from defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, damages in the total amount of $38,663.81.

IT IS FURTHER ORDERED that Hunan Ranch Corporation have and recover from defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, pre-judgment interest at the rate of FIVE PERCENT (5%) simple interest on the amount of $38,663.81 since March 19, 2014 until the day before this judgment is signed.

IT IS FURTHER ORDERED that Hunan Ranch Corporation has judgment against defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, for attorney's fees in the

---

FINAL JUDGMENT                                          PAGE 1 OF 3

amount of $6,693.75 to compensate plaintiff for his attorney's fees in bringing this suit and obtaining this judgment, which is a reasonable and necessary charge for such services.

IT IS FURTHER ORDERED that Hunan Ranch Corporation have and recover from defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, interest on the amount of this judgment, including pre-judgment interest, attorney fees, and all damages. Interest on this judgment is to be charged from the date of this judgment, in the amount of FIVE PERCENT (5%), compounded annually.

IT IS FURTHER ORDERED that all costs of court spent or incurred in this cause are adjudged and taxed against defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally.

IT IS FURTHER ORDERED that should defendants pursue any appeal of any money judgment rendered in this cause in favor of plaintiff, that plaintiff recover from defendants Ha Duong Nhu and D&H Restaurant Equipment, jointly and severally, the following reasonable and necessary attorney's fees and expenses for the following appellate steps and proceedings as follows:

a.  Responding to and attending any hearings on any post-judgment Motions ................................................................................$5,000

b.  Responding to a brief in the Court of Appeals ................................................................................$15,000

c.  Preparation for oral argument before Court of Appeals and argument ................................................................................$1,750

d.  Responding to Motion for Rehearing before Court of Appeals, if any ................................................................................$2,500

e.  Responding to any Writ of Error to the Supreme Court ................................................................................$7,500

f.  Preparation for and argument before Supreme Court, if Writ granted ................................................................................$1,750

g.  Responding to any Motion for Rehearing filed with Supreme Court ................................................................................ $2,500

This judgment finally disposes of all parties and all claims and is appealable.

Plaintiff is hereby allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

All other relief not herein granted is hereby denied.

SIGNED on this the 30 day of June , 2014.

_____
JUDGE PRESIDING



## Cause No. D-1-GN-14-000826

| | | |
|---|---|---|
| **HUNAN RANCH CORPORATION** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **201ST JUDICIAL DISTRICT** |
| | § | |
| **HA DUONG NHU and** | § | |
| **D&H RESTAURANT EQUIPMENT** | § | |
| *Defendants* | § | **TRAVIS COUNTY, TEXAS** |

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TRAVIS** | § |

### AFFIDAVIT OF DORAN D. PETERS

Before me, the undersigned notary, on this day, personally appeared Doran D. Peters, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. "My name is Doran D. Peters. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a partner at the law firm of HAJJAR SUTHERLAND & PETERS, LLP (my firm). I was hired as legal counsel for Hunan Ranch Corporation, Plaintiff, to assist in his defense and prosecution of claims in the above numbered and styled cause. I obtained my license to practice law in the State of Texas in November 2000. I have continuously practiced law in Travis County, Texas, as well as surrounding counties, in commercial and real property litigation matters.

3. I am familiar with the attorney's fees charged and expenses incurred in cases similar to this one in Travis County, Texas. My firm charges $315.00 an hour for the time I work on Hunan Ranch Corporation's case, which is my fee. My firm charges Hunan Ranch Corporation between $175 and $315 per hour for the time spent by other attorney's in my firm working on this case. When a paralegal or legal assistant performs services for clients, their time is billed at rates between $70 and $140.00 per hour. I have reviewed the billing records for Hunan Ranch Corporation's account with my firm.

4. The retention by Hunan Ranch Corporation of this firm precluded me from accepting other employment. I have consulted with Hunan Ranch Corporation, reviewed relevant documents,

---

prepared and reviewed pleadings in this case, as well as rendered various other legal services in Hunan Ranch Corporation's prosecution of this case.

5.      It is my opinion that $5,165.25 is a reasonable sum for the necessary and reasonable attorney's fees and associated expenses Hunan Ranch Corporation has incurred for my, and my firm's, services in this case. This amount includes approximately 11.60 hours of attorney time, and 3.4 hours of Paralegal time. This amount also includes non-court expenses of $2059.75 which mostly comprises fees associated with locating and serving defendant with the lawsuit, as well as about $10 in fees to research the Texas Secretary of State records. Finally, this amount includes five hours, which is the estimated time necessary to prepare documents related to obtaining a default judgment, and attending court to do so.

6.      Hunan Ranch Corporation agreed to reimburse the attorneys in this firm for their work on this case on an hourly fee, at the rates stated above, and also agreed to pay costs incurred by my firm in prosecuting and defending this case.

7.      The fees charged by my firm are less than those fees customarily charged in this area for the same or similar services for an attorney with the experience, reputation, and ability of the attorney performing the services, considering the amount and type of controversy, the time limitations imposed, the results obtained, and the nature and length of the relationship this firm and its attorneys have had with Hunan Ranch Corporation.

8.      Additionally, should any Defendant pursue any appeal of any money judgment rendered in this cause in favor of Hunan Ranch Corporation, it is my opinion that a reasonable sum for the necessary attorney's fees and expenses to be rendered for the following post-judgment steps and proceedings are as follows:

       a.      Responding to and attending any hearings on any post-judgment Motions ................................................................................. $5,000

       b.      Responding to a brief in the Court of Appeals ................................................................................. $15,000

       c.      Preparation for oral argument before Court of Appeals and argument ................................................................................. $1,750

       d.      Responding to Motion for Rehearing before Court of Appeals, if any ................................................................................. $2,500

e.     Responding to any Writ of Error to the Supreme Court
................................................................$7,500

f.     Preparation for and argument before Supreme Court, if Writ granted
................................................................$1,750

g.     Responding to any Motion for Rehearing filed with Supreme Court
................................................................ $2,500

FURTHER AFFIANT SAYETH NOT. "



DORAN D. PETERS

Subscribed and sworn to before me, the undersigned Notary Public, in and for the County of Travis, this 30ᵗʰ day of ___June___, 2014.

Notary Public ✶ State of Texas

FRANCES ROSALES
Notary Public, State of Texas
My Commission Expires
July 01, 2014

AFFIDAVIT OF DORAN D. PETERS          PAGE 3 OF 3

Cause No. D-1-GN-14-000826

| HUNAN RANCH CORPORATION | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff* | § | |
| | § | |
| v. | § | 201ST JUDICIAL DISTRICT |
| | § | |
| HA DUONG NHU and | § | |
| D&H RESTAURANT EQUIPMENT | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

## SOLDIERS' AND SAILORS' AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared Doran D. Peters, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. "My name is Doran D. Peters. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. In compliance with the Soldiers' and Sailors' Relief Act, to my personal knowledge based upon a review of records related to this case and my involvement in this case defendant Ha Duong Nhu is not an infant, emancipated or incompetent person. Mr. Nhu operates a company that manufactures and installs commercial woks in Garland, Texas and has done so for at least the last four years. A review of the attached official printout from the United States Department of Defense – Manpower Data Center, which is fully incorporated herein, HA DUONG NHU, Defendant is not a member of the Armed Forces currently on active duty."

_____
DORAN D. PETERS

SWORN TO and SUBSCRIBED before me by Doran D. Peters on this, the 30th day of ___Juni_____, 2014.

_____
Notary Public ✯ State of Texas

FRANCES ROSALES
Notary Public, State of Texas
My Commission Expires
July 01, 2014

---

SOLDIERS' AND SAILORS' AFFIDAVIT                                             PAGE 1 OF 1



## Status Report
## Pursuant to Servicemembers Civil Relief Act

Last Name: <u>NHU</u>

First Name: <u>HA</u>

Middle Name: <u>DUONG</u>

Active Duty Status As Of: <u>May-02-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350



16

Cause No. D-1-GN-14-000826

| | | |
|---|---|---|
| HUNAN RANCH CORPORATION<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 201ST JUDICIAL DISTRICT |
| HA DUONG NHU and<br>D&H RESTAURANT EQUIPMENT<br>*Defendants* | §<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

**AFFIDAVIT OF JOHN CHEN**

| | |
|---|---|
| **STATE OF TEXAS** | §<br>§ |
| **COUNTY OF TRAVIS** | § |

On this date, John Chen, personally appeared before me, the undersigned Notary Public, and after being duly sworn, stated the following under oath:

1. "My name is John Chen ("Plaintiff"). I am over the age of 18 and I am fully competent to make this affidavit. The statements contained in this affidavit are made based on my personal knowledge. The facts set forth below and contained in the attached records are true and correct, based upon my personal knowledge formed from my involvement in this case.

2. I am one of the directors and owners of Hunan Ranch Corporation. Hunan Ranch Corporation is the owner of Hunan Ranch restaurant ("Plaintiff's restaurant") located at 14900 Avery Ranch Blvd., Austin, Texas 78717.

3. Plaintiff and Defendant entered into an agreement (attached hereto as **Exhibit A-1**) on or about November 24, 2013. Under the terms of the agreement, Defendants Ha Duong Nhu and D&H Restaurant Equipment (hereinafter collectively referred to as "Defendants") agreed to manufacture and install a new commercial wok (hereinafter referred to as "new wok") at Plaintiff's restaurant. This was to replace the existing wok (hereinafter referred to as "old wok"). All parties knew the new wok was critical to the operation of Plaintiff's

17

restaurant. The parties agreed that the wok would be completed and installed no later than December 26, 2013.

4. On or about December 19, 2013, Plaintiff contacted Defendants to confirm the new wok would be ready for installation by December 26, 2013. During this conversation, Defendants stated that there was a delay and the new wok would not be ready until January 8, 2014.

5. On or about January 4, 2014, Plaintiff again spoke with Defendants to confirm that the new wok would be ready for installation on January 8, 2014. During this conversation, Defendants confirmed that the new wok would be delivered by January 8, 2014.

6. On January 6, 2014, Plaintiff's restaurant was closed for renovations, including installation of the new wok. Plaintiff expected to re-open Plaintiff's restaurant on January 9, 2014. Defendants did not show up on January 8, 2014, as previously promised. Plaintiff contacted Defendants concerning the new wok and was told that it would be ready on January 11, 2014.

7. Defendants did not deliver the new wok on January 11, 2014, as previously promised. Additionally, when Plaintiff attempted to contact Defendants on January 11, 2014, they did not answer his calls. Defendants did not contact Plaintiff until January 14, 2014, and at such time reported that the new wok was still not ready. Due to Defendants failure to deliver and install the new wok, Plaintiff was forced to have the old wok installed.

8. On January 16, 2014, Defendants delivered and installed the old wok. Plaintiff was able to reopen Plaintiff's restaurant for dinner on January 17, 2014.

9. On or about February 18, 2014, Plaintiff sent Defendants correspondence requesting delivery and installation of the new wok by February 20, 2014 (attached hereto as **Exhibit A-2**). In this correspondence, Plaintiff further pointed out that Defendants' failure to deliver and install the new wok caused the Plaintiff thousands of dollars in damages.

10. The new wok was not delivered by Defendants until March 28, 2014.

11. Plaintiff was expected to re-open the restaurant on January 9, 2014. Due to Defendants' failure to deliver and install the new wok, there was a delay of 8.5 days (January 9, 2014

through dinner on January 17, 2014) between the expected date of installation of the new wok and the re-installation of the old wok.

12. Plaintiff's average sales income per month prior to the removal of the old wok was $137,075.92, which is $4,469.86 per day. Please see Plaintiff's Sales Reports from October 2013, November 2013, and December 2013 through December 31, 2013, attached hereto as **Exhibit A-3**. Due to the delay in the delivery of the new wok, Plaintiff suffered lost sales in the amount of $37,993.81.

13. Furthermore, the re-installation of the old wok led to a gas leak, which caused one of the woks not work properly. Due to one of the woks not working, Plaintiff was forced to give approximately $670.00 in voids and credits.

14. Due to Defendants failure to deliver and install the new wok, Plaintiff suffered damages in the amount of **$38,663.81.**

Further affiant sayeth naught."

By: _____
John Chen
Owner, Hunan Ranch Corporation

SWORN TO and SUBSCRIBED before me by John Chen on this, the _26_ day of _June_____, 2014.

_____
Notary Public ✳ State of Texas



JACOB BLOCK
Notary Public, State of Texas
My Commission Expires
August 15, 2016

Cause No. D-1-GN-14-000826

| | | |
|---|---|---|
| HUNAN RANCH CORPORATION | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 201ST JUDICIAL DISTRICT |
| | § | |
| HA DUONG NHU and | § | |
| D&H RESTAURANT EQUIPMENT | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

### CERTIFICATE OF LAST KNOWN ADDRESS

I hereby certify that the last known address of defendants Ha Duong Nhu and D&H Restaurant Equipment is 2313 Crystal Creek Lane, Garland, Texas 75040.

Respectfully Certified and Submitted,

HAJJAR | SUTHERLAND | & PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By: _____
         Doran D. Peters
         State Bar No. 24027615
         Teresa C. Baker
         tbaker@legalstrategy.com
         State Bar No. 24053131
         ATTORNEYS FOR PLAINTIFF

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears on record in my office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: _____

CERTIFICATE OF LAST KNOWN ADDRESS          PAGE 1 OF 1

20

Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767



DATE: July 01, 2014



HA DUONG NHU AND D&H RESTAURANT EQUIPMENT
2313 CRYSTAL CREEK LANE
GARLAND, TX 75040

In accordance with the provisions of Rule 239a of the Texas Rule of Civil Procedure, you are hereby notified that in Cause No. D-1-GN-14-000826, in the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, styled:

HUNAN RANCH CORPORATION

VS.

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

on JUNE 30, 2014, a DEFAULT JUDGMENT was taken in favor of:

HUNAN RANCH CORPORATION

and against

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

AMALIA RODRIGUEZ-MENDOZA,
District Clerk

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On _____

VELVA L. PRICE
DISTRICT CLERK    D-1-GN-14-000826
By Deputy:

L61 - 00

KAH

21

Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767



DATE: July 01, 2014


HA DUONG NHU AND D&H RESTAURANT EQUIPMENT
2313 CRYSTAL CREEK LANE
GARLAND, TX 75040


In accordance with the provisions of Rule 239a of the Texas Rule of Civil Procedure, you are hereby notified that in Cause No. D-1-GN-14-000826, in the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, styled:


HUNAN RANCH CORPORATION

VS.

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT


on JUNE 30, 2014, a DEFAULT JUDGMENT was taken in favor of:

HUNAN RANCH CORPORATION

and against

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT


AMALIA, RODRIGUEZ-MENDOZA
District Clerk

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On _____

**VELVA L. PRICE**
**DISTRICT CLERK**   D-1-GN-14-000826

L61 - 000_____

**By Deputy:**

KAH

22

Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767





DATE: July 01, 2014

HUNAN RANCH CORPORATION
C/O DORAN DONALD PETERS
3144 BEE CAVE ROAD
AUSTIN, TX 78746

In accordance with the provisions of Rule 239a of the Texas Rule of Civil Procedure, you are hereby notified that in Cause No. D-1-GN-14-000826, in the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, styled:

HUNAN RANCH CORPORATION

VS.

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

on JUNE 30, 2014, a DEFAULT JUDGMENT was taken in favor of:

HUNAN RANCH CORPORATION

and against

HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

AMALIA RODRIGUEZ-MENDOZA
District Clerk

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On _____

VELVA L. PRICE
DISTRICT CLERK     D-1-GN-14-000826
By Deputy:

L61 - 000

KAH

23

CAUSE NO. D-1-G-N-14-000826

| | | |
|---|---|---|
| HUNAN RANCH CORPORATION, | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| HA DUONG NHU and | § | |
| D&H RESTAURANT EQUIPMENT, | § | |
|     *Defendants.* | § | 201ST JUDICIAL DISTRICT |

## NOTICE OF RESTRICTED APPEAL OF DEFENDANTS HA DUONG NHU AND D&H RESTAURANT EQUIPMENT

Pursuant to TEXAS RULES OF APPELLATE PROCEDURE 25.1 and 26.1(c), Defandants Ha Duong Nhu[1] and D&H Restaurant Equipment (the "Defendants") desire to appeal from the final judgment of default signed on June 30, 2014, in this case styled *Hunan Ranch Corporation v. Ha Duong Nhu and D&H Restaurant Equipment*, Cause No. D-1-G-N-14-000826, in the 201st Judicial District Court, Travis County, Texas.  Appeal is taken to the Third Court of Appeals in Austin, Texas.

Ha Duong Nhu and D&H Restaurant Equipment are Defendants in this lawsuit and are thus affected by the trial court's judgment.  Defendants, however, did not participate, either in person or through their counsel, in the June 30, 2014, hearing that resulted in the court's final judgment of default.  Defendants have not filed any post-judgment motions, have not requested any findings of fact or conclusions of law, and have not previously filed any notice of appeal.

---

[1] Defendant's name is Duong Nhu Ha, and not Ha Duong Nhu as stated in the style of the case and throughout Plaintiff Hunan Ranch Corporation's petition and other documents in this case.

Respectfully submitted,

VINSON & ELKINS

*/s/ Janice L. Ta*
_____

Frank C. Brame
State Bar No. 24031874
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: (214) 220-7817
Fax: (214) 999-7818
fbrame@velaw.com

Janice L. Ta
State Bar No. 24075138
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Telephone: (512) 542-8512
Fax: (512) 236-8239
jta@velaw.com


*Attorneys for Defendants Ha Duong Nhu and D&H Restaurant Equipment*



## CERTIFICATE OF SERVICE

I certify that on this 30th day of December 2014, a true and correct copy of the above and foregoing Notice of Restricted Appeal of Defendants Ha Duong Nhu and D&H Restaurant Equipment was served on Plaintiff Hunan Ranch Corporation's counsel of record via electronic service and e-mail in accordance with the Texas Rules of Civil Procedure as follows:

Doran D. Peters
HAJJAR PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Fax: (512) 637-4958
dpeters@legalstrategy.com

*Attorney for Plaintiff*

*/s/ Janice L. Ta*
Janice L. Ta

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK

By Deputy:

US 3220745

# EXHIBIT 2

You are here: Census.gov › Business & Industry › Time Series / Trend Charts

# TIME SERIES / TREND CHARTS

**Please follow the numbers in order.**

1
Select the report/survey from which you wish to retrieve data:

| Monthly Retail Trade and Food Services ▾ |

2
Select a date range:
Start: 2011 ▾ End: 2014 ▾

3
Select Industry or Category:

| 722: Food Services and Drinking Places ▾ |

4
Select one Item :

| Sales - Monthly ▾ |

5
Select Geographical Level:

| U.S. Total ▾ |

Select as available:

☐ Seasonally Adjusted

☑ Not Seasonally Adjusted

☐ Show Estimates of Sampling Variability

| GET DATA |

Download all data for this report/survey  Save this search

Release Date:
February 12, 2015

For the Monthly Retail Trade Survey, all current month estimates are preliminary estimates, which will be superseded in following months by revised estimates.
For information on the reliability and use of the data, including important notes on estimation and sampling variance, seasonal adjustment, measures of sampling variability, and other information pertinent to this economic indicator, go to the Monthly and Annual Retail Trade website, which provides time-series Excel files for Sales [XLS, 184kb], and Inventories and Inventories/Sales Ratios [XLS, 368kb] data.
Estimated measures of sampling variability for totals are expressed as coefficients of variation (CV). Standard errors (SE) are provided for month-to-month change and ratio estimates.
Estimated measures of sampling variability are based on data not adjusted for seasonal variation, and should be used when drawing inferences about both adjusted and not adjusted estimates.
Inventories are only available for the following industries (defined in Box 3 above): 44000, 4400A, 441, 4423X, 444, 445, 448, 452, 4521.
NA = Not available.
(S) = Suppressed.
The Y-axis for the line charts may be truncated to prevent flattening of the lines or to present the complete range of data.



Source: Monthly Retail Trade and Food Services (Definitions)
**722: Food Services and Drinking Places: U.S. Total** — Not Seasonally Adjusted Sales - Monthly [Millions of Dollars]

TXTXLS-VXLS-HBar ChartLine Chart

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2011 | 36,868 | 37,308 | 41,946 | 41,684 | 42,935 | 41,983 | 43,239 | 42,355 | 41,369 | 42,420 | 39,756 | 42,950 |
| 2012 | 39,740 | 41,054 | 45,792 | 43,915 | 45,616 | 44,988 | 44,586 | 45,002 | 43,069 | 43,572 | 42,428 | 45,130 |
| 2013 | 41,613 | 41,257 | 47,284 | 45,663 | 47,113 | 45,139 | 45,186 | 46,557 | 43,321 | 45,589 | 44,862 | 46,075 |
| 2014 | 42,580 | 42,524 | 48,997 | 47,329 | 50,570 | 47,488 | 48,309 | 49,719 | 46,610 | 49,602 | 47,167 | 50,317 |

[PDF] or denotes a file in Adobe's Portable Document Format. To view the file, you will need the Adobe® Reader® available **free** from Adobe. [Excel] or the letters [xls] indicate a document is in the Microsoft® Excel® Spreadsheet Format (XLS). To view the file, you will need the Microsoft® Excel® Viewer available for **free** from Microsoft®. This symbol indicates a link to a non-government web site. Our linking to these sites does not constitute an endorsement of any products, services or the information found on them. Once you link to another site you are subject to the policies of the new site.

Source: U.S. Census Bureau | Business & Industry | sssd.econ.data@census.gov | Last Revised: March 26, 2014